UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KEVIN O"CONNELL,

    Plaintiff,

vs.

DR. CHEN,

    Defendant

Case No. 1:12 cv 01403 GSA PC

ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

**I.       Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Mule Creek State Prison, brings this civil rights action against Dr. Chen, M.D., a physician employed by the CDCR at Kern Valley State Prison. The events at issue in this lawsuit occurred while Plaintiff was housed at Kern Valley.

Plaintiff alleges that on June 24, 2010, he was placed on suicide watch at his own request. Plaintiff alleges that during the intake process, Dr. Chen made a "denigrating" remark that Plaintiff had been placed in Administrative Segregation (AdSeg) for assaulting staff, a charge that was eventually dismissed due to a lack of evidence.  Plaintiff also alleges that at this point

he was nine days into a twenty-one day detoxification process for opioids.  Plaintiff alleges that Dr. Chen discontinued Plaintiff's methadone before the detoxification period had expired.

### A.     Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds that Plaintiff has failed to allege facts indicating deliberate indifference.  Plaintiff's allegation indicates, at most, that Plaintiff's methadone was discontinued.  Plaintiff fails to allege any facts to support his conclusory allegation that Dr. Chen discontinued his medication as a result of his placement in AdSeg for assault on staff.  Plaintiff's allegations indicate that he was placed on suicide watch at his own request.  Plaintiff's allegation

3

establishes, at most, a disagreement with Dr. Chen's course of treatment. Plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff also makes a vague reference to injuries incurred during a use of force incident. Plaintiff does not indicate what, if any, injury he suffered, nor does Plaintiff indicate how Dr. Chen was deliberately indifferent to any particular physical injury suffered as a result of force. Plaintiff has not alleged any facts indicating that Dr. Chen knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. The complaint must therefore be dismissed.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant and explain

4

how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what Defendant did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

5

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. **Within thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **May 14, 2013**           /s/
**Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE