UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN P. O'CONNELL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. C. CHEN,<br><br>　　　　Defendant. | 1:12-cv-01403-GSA-PC<br><br>ORDER RESPONDING TO PLAINTIFF'S NOTICE<br>(Doc. 19.)<br><br>ORDER DEEMING SECOND AMENDED COMPLAINT PROPERLY FILED<br>(Doc. 17.) |

**I.　BACKGROUND**

　　Kevin P. O'Connell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 27, 2012. (Doc. 1.) Plaintiff has consented to the jurisdiction of a Magistrate Judge, and no other parties have made an appearance in this case. (Doc. 3.)

　　The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on May 14, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On June 3, 2013, Plaintiff filed a "Request for Time Extension" which the court construed as a motion for stay of this action. (Doc. 11.) On June 6, 2013, the court denied Plaintiff's motion for stay and granted him an extension of time to file an amended complaint. (Doc. 12.) On July 8, 2013, Plaintiff filed the First Amended Complaint. (Doc. 14.)

　　On November 18, 2013, the court's orders of May 14, 2013 and June 6, 2013 were returned by the U.S. Postal Service as undeliverable, and on November 18, 2013, the court re-served the court's May 14, 2013 order upon Plaintiff at his new address. (Court Record.)

On December 2, 2013, Plaintiff notified the court that he had received the court's May 14, 2013 order which dismissed the complaint with leave to amend. (Doc. 19.) On December 4, 2013, Plaintiff filed the Second Amended Complaint. (Doc. 17.)

**II.     LEAVE TO AMEND – RULE 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### *Discussion*

Here, because Plaintiff already filed the First Amended Complaint on July 8, 2013, Plaintiff requires leave of court to file a Second Amended Complaint. It appears clear from Plaintiff's notice of December 2, 2013, that he was preparing to respond to the court's May 14, 2013 order and therefore believed that he had leave to amend the complaint again. The court finds no evidence of bad faith, undue delay, futility, or prejudice to defendants in granting leave to amend and deeming the Second Amended Complaint properly filed. Plaintiff is advised that an amended complaint supercedes the prior complaint, and therefore Plaintiff's Second Amended Complaint supercedes his First Amended Complaint. Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc).

///

///

### III. CONCLUSION

Based on the foregoing, and in the interest of justice, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint, filed on December 4, 2013, is deemed properly filed; and
2. This action now proceeds with the Second Amended Complaint, which shall be screened by the court in due time.

IT IS SO ORDERED.

Dated:   **December 5, 2013**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE