UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN P. O'CONNELL,<br><br>           Plaintiff,<br><br>     vs.<br><br>DR. C. CHEN,<br><br>           Defendant. | 1:12-cv-01403-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 17.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

## I.     BACKGROUND

Kevin P. O'Connell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 27, 2012. (Doc. 1.)

On August 27, 2012, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) in this action, and no other parties have made an appearance. (Doc. 3.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On May 14, 2013, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On July 8, 2013, Plaintiff filed the First Amended Complaint. (Doc. 14.) On December 4, 2013, with leave of court, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (Doc. 17.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is a former state prisoner who was in the custody of the California Department of Corrections and Rehabilitation (CDCR) and incarcerated at Kern Valley State Prison (KVSP) when the events at issue in the Second Amended Complaint allegedly occurred. Plaintiff names Dr. C. Chen (MD) ("Defendant") as the sole defendant. Defendant was

employed by the CDCR and working at KVSP at the time of the events at issue. Plaintiff's factual allegations follow.

In late June 2010, Plaintiff was assaulted by three KVSP prison guards while rising from a wheelchair, causing Plaintiff significant physical and psychological injuries which were never treated. Plaintiff was placed in administrative segregation (Ad-Seg) on charges that he had assaulted staff. The assault charges were subsequently dismissed.

While in Ad-Seg, Plaintiff requested suicide watch. At this time, Plaintiff was nine days into a twenty-one-day detoxification process from Methadone, which had been legally prescribed to Plaintiff for back pain diagnosed as disc protrusion, herniated and bulging discs, and degenerative disc disease. For nearly three years, Plaintiff was prescribed a high daily dose of Methadone. Then, Plaintiff's Methadone prescription was discontinued and he was placed on the twenty-one day detoxification program, tapering off the medication.

As part of the suicide watch intake process, Plaintiff was physically examined by Dr. C. Chen. Dr. Chen told Plaintiff he was aware of Plaintiff's detoxification program, and aware that Plaintiff had been placed in Ad-Seg for assaulting staff. Dr. Chen spoke in a manner that implied Plaintiff was guilty of the allegation. Plaintiff's eyes, legs, cheekbone, and other body parts were swollen from the assault, and his cheekbone was a purpish-red color. (A subsequent x-ray at Mule Creek State Prison showed that the cheekbone had been broken and never repaired by surgery.) Dr. Chen did not examine Plaintiff's injuries or order x-rays. He told Plaintiff that "it went with the turf" and he was physically fine and did not need follow up care. (Second Amended Complaint at 7.) Dr. Chen then cancelled the remaining eleven days of Plaintiff's detoxification program.

Plaintiff alleges that a good doctor would know that a Methadone prescription such as Plaintiff's should not be abruptly discontinued, because of possible side effects including physical pain, psychological trauma, and even death. When Dr. Chen discontinued Plaintiff's Methadone in a cold-turkey fashion, Plaintiff suffered severe cramps, pain, inability to sleep for days, nausea, sweats, hot and cold flashes, and an increase in suicidal thoughts. Plaintiff alleges that Dr. Chen should have known about Methadone's potency and the detoxification

process, because of the availability of published data. Plaintiff alleges that Dr. Chen's conduct went far beyond a difference of opinion about appropriate medical care.

Plaintiff suffered psychological trauma as a result of the abrupt discontinuation of Methadone. Medical workers observed during the suicide watch that Plaintiff had to be "confronted, escorted, and showered due to the fact that I had smeared my own human excrement on my face and in my mouth" without being aware of doing so. (Second Amended Complaint at 7.)

Plaintiff requests monetary damages as relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX

4

Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff has demonstrated that he had a serious medical need when his Methadone prescription was cancelled, because of withdrawal symptoms including physical pain and psychological trauma. Plaintiff also demonstrated a serious medical need because his body parts were swollen and painful, and he had a broken cheekbone. However, Plaintiff fails to allege facts showing that Dr. Chen was deliberately indifferent to those needs. Plaintiff fails to show that Dr. Chen acted or failed to act while knowing of and deliberately disregarding a substantial risk of harm to Plaintiff. Plaintiff alleges, at most, negligence, which is not

actionable in a § 1983 action. Therefore, Plaintiff fails to state a cognizable claim for inadequate medical care under the Eighth Amendment.

## V. CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against the defendant which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 4, 2014**                               **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE